UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHNNY A. VAUGHAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-2184 (ABJ) |
| ELEANOR ACHESON, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

The plaintiff, who is proceeding *pro se*, alleges that Amtrak declined to hire him in September 2008, to fill a position for which he was qualified because of his race and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e (2006), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 (2006). *See* Compl. ¶¶ 3-6, 8. His complaint identifies the defendant as "Eleanor Acheson, VP & Secretary Amtrak." Acheson moves to dismiss on two grounds: that the Court lacks subject matter jurisdiction and that the complaint fails to state a claim against her upon which relief can be granted. *See* Defendant Eleanor Acheson's Memorandum of Points and Authorities in Support of her Motion to Dismiss Plaintiff's Complaint ("Def.'s Mem.") at 4-6.

*Amtrak is the Proper Party Defendant.*

Acheson argues that she is not subject to suit under either Title VII or the ADEA. Def.'s Mem. at 4. The Court concurs. It is unlawful for an employer to refuse to hire an

1

individual because of his race, *see* 42 U.S.C. § 2000e-2(a)(1), or age, *see* 29 U.S.C. § 623(a)(1), and Acheson in her individual capacity is not considered an employer who can be held liable under these statutes.[1] *See Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (citing *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)) ("[W]hile a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII."); *Wilson v. U.S. Dep't of Transp.*, No. 10-490, 2011 WL 11500, at *9 (D.D.C. Jan. 4, 2010) ("Title VII and the ADEA do not impose individual liability; the only proper defendant in suits brought under these statutes is the head of the department or agency being sued.").

The plaintiff explains why he named Acheson as the defendant as follows:

> Prior to filing suit in accordance with the notification from [the Equal Employment Opportunity Commission], Plaintiff called Amtrak's[] legal council [sic] and inquired as to the proper person and place to send his law suit. The person on the phone insisted on taking Plaintiffs [sic] phone number and had someone return the call. Amtrak's legal council [sic] returned plaintiffs [sic] phone call and informed him the proper person was Amtrak agent of record Eleanor Acheson, VP & Secretary of Amtrak @ 60 Mass Ave.

Motion to File Amended Complaint at 1. It is apparent that the plaintiff intended to file his lawsuit against Amtrak, and to send notice of the lawsuit to Acheson in her capacity as Amtrak's legal counsel.

Accordingly, the Court will dismiss Acheson as a party defendant. *See, e.g., Amariglio v. Nat'l R.R. Passenger Corp.*, 941 F. Supp. 173, 178 (D.D.C. 1996) (dismissing the individual

---

[1] Under Title VII, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). Similarly, an employer for purposes of the ADEA is "a person engaged in an industry affecting commerce who has twenty or more employees." 29 U.S.C. § 630(b).

defendants from the lawsuit "because the [Americans with Disabilities Act], like Title VII and the ADEA, does not provide for liability against individuals"). In addition, the Court will grant the plaintiff's motion to amend the complaint, and Amtrak will be substituted as the party defendant.

*The Complaint States Title VII and the ADEA Claims Against Amtrak*

The defendant contends that "[t]here is another reason that Plaintiff's Complaint cannot survive Ms. Acheson's Motion to Dismiss." Def.'s Mem. at 5. Specifically, the defendant argues that the pleading "is replete with what at best can be described as flimsy allegations" which fail to state a claim upon which relief can be granted, and, therefore, the complaint must be dismissed in its entirety. *Id.* The Court will deny the motion to dismiss the plaintiff's claims as against Amtrak.

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must be dismissed under Rule 12(b)(6) if it consists only of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, __ U.S. at __, 129 S. Ct. at 1949. However, this complaint is prepared by a *pro se* plaintiff and its allegations therefore must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Atherton v. D.C. Office of the Mayor,* 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)), *cert. denied*, 130 S. Ct. 2064 (2010). The plaintiff's obligation at the pleading stage is to put the defendant on notice of the claims against it and the bases on which they rest. The plaintiff accomplishes this task as he

3

need not plead all the facts he ultimately must prove in order to prevail on the merits. *See Atchison v. Dist. of Columbia*, 73 F.3d 418, 421-22 (D.C. Cir. 1996); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."). Although the plaintiff's complaint is short on detail, it does not "stop[] short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, __ U.S. at __, 129 S. Ct. at 1949 (internal citation omitted).

An Order is issued separately.

DATE: April 20, 2011

/s/
REGGIE B. WALTON
United States District Judge
for
AMY B. JACKSON
United States District Judge - Designate